Biohardson, Oh. J.,
delivered the opinion of the court:
The claimant, a justice of the peace for the District of Columbia, appointed under the act of June 7, 1878, chapter 162 (1 Supp. Bev. Stat., 336), was, in the year 1883, designated by a justice of the Supreme Court of the District to discharge the duties of the judge of the police court in his absence, under the provisions of section 1047 of theBevised Statutes of the District of Columbia.
He discharged the duties by virtue of said designation forty-one days during that year, for which he claims that, under section 1048 of said statutes, the United States became indebted to him in the sum of $410, or $10 for each day’s service, while he has been paid only $300, and he asks judgment for the difference.
The case has been argued principally upon the effect of the statutes relating to the disallowance of extra compensation to public officers (Bev. Stat., § § 1763, 1764, 1765, and the Act of June 20,1874, eh. 328, § 3,1 Supp. Bev. Stat., 47) and upon the effect of the appropriation in the District of Columbia appropriation act for the year ending June 30, 1883, of “for contingent expenses, including compensation for a justice of the peace acting as judge of the police court during the absence of said judge, not exceeding $300 (Act of July 1,1882, ch. 263,22 Stat. L., 141), and a like provision in the Act of March 3, 1883, chapter 95 (22 Stat. L., 468), making appropriations for the year ending June 30, 1884.
But according to our view the United States are in no case liable for the payment of the per diem allowance authorized by statute to an acting judge of the police court of the District of Columbia, and the other points raised are therefore immaterial. The sections of the Bevised Statutes of the District involved in the case are as follows:
“ Sec. 1046. The salaries of the judge and clerk of the police court, the compensation of the deputy clerk and bailiffs, and the fees of the marshal, shall be paid by the District quarterly.
“ Sec. 1047. In case of sickness, absence, or disability of the judge, either of the justices of the Supreme Court of the District shall designate .some justice of the peace to discharge the duties of the police judge until such disability be removed.
“Sec. 1048. The justice so designated shall take the same oath as prescribed for the judge, and shall receive the sum of *431 ten dollars per day for the time he shall serve, to be paid in the same manner as the salary of judge is paid.
“ Sec. 1080. The moneys collected upon the judgments of the police court, or so much thereof as may be necessary, shall be applied to the payment of the salaries of the judge and other officers of the court, as provided in section ten hundred and forty-six, and to the payment of the necessary expenses thereof, and any surplus remaining after paying such salaries, compensation, and expenses, shall be paid into the treasury of the District at the end of every quarter.”
It will be seen that it is provided by section 1048 that the acting judge shall receive the sum of $10 per day for the term he shall serve, “to be paid in the sanie manner as the salary of judge is paid,” and by section 1046 thac the judge “shall be paid by the District quarterly.” These sections remain in force without modification.
It is true that by section 1080 moneys collected upon judgment of the court, or so much thereof as may be necessary, were to be applied to the payment of the salaries of the judge and other officers and other expenses, and any surplus was to be paid into the treasury of the District. But this is a mere appropriation of money, founded.on the assumption that the moneys so collected would be more than sufficient to cover salaries and expenses, and was not a limitation of the liability of the District for the salaries fixed by sections 1046 and 1048. Had that money been insufficient for the purpose the District would have still remained liable for the balance due, although there might not be any money in the treasury with which it could be paid, and at one time there was a very large liability of the District which was in that condition. (Fendall’s Case, 16 C. Cls. R., 106; Adams’s Case, 17 id., 365.) Subsequent legislation has entirely changed the method of appropriation, the keeping and the paying out of the public money of the District, but that does not offset the obligation of the District created by contract or statute.
By An Act providing a permanent form of government for the District of Columbia (Act of June 11,1870, ch. 180,1 Supp. Rev. Stat., 339) it is enacted, among other things, as follows:
“The District of Columbia shall remain and continue a municipal corporation, as provided in section 2 of the Revised Statutes relating to said District, and the Commissioners herein provided for shall be deemed and taken as officers of such cor *432 poration; and all laws now in force relating’ to the District of Columbia not inconsistent with this act shall remain in full force and effect. * * *
“ The Secretary of the Treasury shall carefully consider all estimates submitted to him [by the Commissioners for the annual expenses of the District] as above provided, and shall approve, disapprove, or suggest such changes in the same, or any item thereof, as he may think the public interest demands; and after he shall have considered and passed upon such estimates submitted to him, he shall cause to be .made a statement of the amount approved by him and the fund or purpose to which each item belongs, which statement shall be certified by him, and delivered, together with the estimates as originally submitted, to the Commissioners of the District of Columbia, who shall transmit the same to Congress.
“To the extent to which Congress shall appropriate the amount of 50 per centum thereof, and the remaining 50 per centum of such approved estimates shall be levied and assessed upon the taxable property and privileges in said District other than the property of the United States and of the District of Columbia * # *
“All taxes collected shall be paid into the Treasury of the United States, and the same, as well as the appropriations to be made by Congress as aforesaid, shall be disbursed for the expenses of said District on itemized vouchers, which shall have been audited and approved by the auditor of the District of Columbia, certified by said Commissioners, or a majority of them; and the accounts of said Commissioners and the tax collectors, and all other officers required to account, shall be settled and adjusted, by the' accounting officers of the Treasury Department of the United States.” * * *
In pursuance of the changes made by that act'in the relations of the Government of the United States to the District of Columbia in matters of revenues and in the contributions of the former in lieu of the taxation of its property, the first ap-priations were made by the Act of March 3, 1879 (ch. 406, § 3, 20 Slat. L., 403, 409), making appropriations for sundry civil expenses of the Government’. It was therein enacted:
“ That the sum of one million six hundred and thirty-two thousand ninety eight dollars and seventy-eight cents be, and is hereby, appropriated for the purpose of paying one half of the estimated expenses of the government of the District of Columbia for the fiscal year ending June thirtieth, eighteen hundred and eighty, namely: * * * For * * * one justice of the peace, acting as judge in judge’s absence, six hundred and twenty dollars.” * * *
Since then the appropriations for the District of Columbia *433 have been in separate acts, distinct from wbat is called tbe “ sundry civil ” appropriation acts (21 Stat. L., 155, 458; 22 id., 135, 462; 23 id., 123,310). In each of these acts the formula of enactment is as follows:
“ That the half of the following sums named, respectively, is hereby appropriated, out of any money in the Treasury not otherwise appropriated, and the other half out of the revenues of the District of Columbia, for the purposes following, being the estimated, expenses of the government of the District of Columbia for the fiscal year ending June thirtieth, eithteen hundred and-, namely.”
For the year 1884 the appropriation was for “ compensation of a justice of the peace acting as judge of the police court during the absence of said judge, not exceeding 1300.”
In this, as in all District appropriations, Congress deals only with estimated expenses. If they are not sufficient for the discharge of actual liabilities, the Gommissiouers can draw no more money from the Treasury for that purpose, but liability to pay the balance remains against the District, to be included in future estimates.
From this recital it appears that the District of Columbia is a municipal corporation having revenues and subject to liabilities distinct from those of the United States, whose contributions for the payment of one-half of the estimated expenses of the District to be disbursed “ only on requisition of the Commissioners of the District” (22 Stat. L., 144), create no privity of contract directly with the creditors of the corporation any more than does the payment of the other half by the tax-payers of the District create such privity of contract between them and its creditors.
The claimant’s counsel refers us to the case of Donovan, decided at the present term, where judgment was rendered against the United States in favor of the claimant for fees as referee in cases pending in this court against the District of Columbia under the Act of June 16, 1880, chapter 243, section (1 Supp. Bev. Stat., 562). But the act expressly provides that “ any such referee shall be allowed such compensation for his services as the court may determine, not exceeding $10 per day for time actually employed, to be paid, on the order of the court by the Secretary of the Treasury and charged to the account of the District of Columbia.” Some cases are also referred to where *434 the court has given judgment against the United States for salaries of members of the District board of health, who were appointed by the President. In those, also, the United States, and not the District, were by law bound to pay the salaries. Section 88 of the Revised Statutes of the District of Columbia enacts that “ all officers provided by this title who are appointed by the President shall be paid by the United States by appropriations to be made by law, and all other officers of the District provided for in this title shall be paid by the District.’7
But except in cases where Congress has otherwise provided, the United States are not legally liable for the debts of the District of Columbia, whatever may be their moral obligation to make provision in some way for the payment of the debts of a municipal corporation over which they have exclusive control, and which can create no debts not authorized by the laws of Congress. Upon the latter obligation, if there be any, it is not for us to express an opinion. (Fendall’s Case, 16 C. Cls. R., 119.)
The claimant’s petition is dismissed.
Weldon, J., was prevented by illness from taking part in the decision of this case.